**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:24-CR-33 (LAG)(TQL) |
| : | |
| JOHN L. JACKSON, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is Defendant John L. Jackson's Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 23). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently set for December 30, 2024, and January 6, 2025, respectively. (*Id.* at 1; Doc. 22).

On August 14, 2024, Defendant John L. Jackson was charged with (1) one count of possession of hydromorphone with intent of distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) one count of possession of oxycodone with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) one count of possession of a firearm in furtherance of a drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); and (4) one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). Defendant made his initial appearance on November 5, 2024, and pleaded not guilty. (Doc. 10). On November 7, 2024, Defendant was remanded to the custody of the U.S. Marshals Service pending trial. (Docs. 17, 18). On December 18, 2024, the Court entered a Scheduling Order setting the matter for trial, and on December 19, 2024, Defendant filed the instant Motion. (Docs. 22, 23). Therein, Defendant's Counsel represents that she "has not yet had the opportunity to discuss all relevant records with [Defendant], nor discuss a potential plea agreement from the [G]overnment in this case." (Doc. 23 at 2). Defendant's Counsel further represents that the Government has not indicated any opposition to a continuance. (*Id.* at 3).

Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant's Motion (Doc. 23) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's December 18, 2024, Scheduling Order (Doc. 22) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 23rd day of December, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**